## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal Action No.** |
| **ROBERT JACKSON,** | : | **4:00-CR-31 (HL)** |
| | : | |
| **Petitioner.** | : | |
| | : | |

### ORDER

Petitioner's Motion for Relief From Judgment (Doc. 62) is before the Court. Petitioner has filed a motion under Federal Rule of Civil Procedure 60(b)[1] asking the Court to reopen his criminal sentence and recalculate his criminal history classification without taking into account two state court convictions that have been subsequently vacated. For the reasons explained herein, Petitioner's Motion is denied.

### I. ANALYSIS

As an initial consideration, the Court notes that Petitioner devoted the majority of his motion to arguing why the current motion should not be treated as a habeas corpus petition pursuant to 18 U.S.C. § 2255. Petitioner, citing Gonzales v. Crosby, 125 S.Ct. 2641, 2648-49 (2005), argues that as his motion does not assert claims contesting the legality of his conviction, his motion should not be dismissed as a second and successive habeas corpus petition. The Court agrees. Pursuant to the

---

[1] The Court notes that it is the standard practice of this district to docket all filings in federal habeas corpus petitions under a defendant's criminal case number rather than the separate case number assigned to a defendant's habeas corpus petition. Although Petitioner's Motion was filed under a criminal case number, the Motion requests relief from one of the Court's earlier orders filed in Petitioner's civil habeas corpus petition. Because habeas corpus cases are civil in nature, they are subject to the Federal Rules of Civil Procedure. See, e.g., Fisher v. Baker, 203 U.S. 174, 181, 27 S.Ct. 135 (1906). Accordingly, Federal Rule of Civil Procedure 60 is applicable here.

holding in <u>Gonzales</u>, a Rule 60(b) Motion, which argues only that a district court's previous ruling incorrectly interpreted the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations is not the equivalent of a second and successive habeas corpus petition. 125 S. Ct. at 2650. Accordingly, the Court will address Petitioner's Motion under the rubric set forth in Federal Rule of Civil Procedure 60(b).

Pursuant to Federal Rule of Civil Procedure 60(b) a court may only relieve a party from a judgment or order for one of six reasons. These reasons are set forth in six separate provisions of the rule and are as follows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). Petitioner specifically asserts claims under the first and second provisions and also claims that "violation of due process" entitles him to relief. Petitioner did not specify under which provision his third claim falls; therefore, the Court will consider Petitioner's "violation of due process" claim under the sixth catchall provision of Rule 60(b).

A. Petitioner's claims under 60(b)(1) and 60(b)(2)

Claims made under provisions one, two, and three of Rule 60(b) must be filed within one year of the judgment, order, or proceeding that is the subject of the claim. Fed. R. Civ. Proc. 60(b). Petitioner's Motion seeks relief from this Court's Order denying his habeas corpus petition and the Judgment entered pursuant to that Order; both were filed on July 15, 2004. Accordingly, any claim for relief asserted under the first, second, or third provisions of Rule 60(b) was due by July 15, 2005. Petitioner did not file the current motion until December 20, 2005, some five months after the deadline set forth in Rule 60(b). Therefore, Petitioner's Motion, insomuch as it seeks relief under the

first and second provisions of Rule 60(b), is untimely.

B. Petitioner's claim under Rule 60(b)(6)

Relief under Rule 60(b)(6) is granted for "any other reason justifying relief from the operation of the judgment;" however, "[r]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Petitioner argues because he had one year from the date of the state court order vacating his prior state convictions to file a federal habeas corpus petition,  the Court erred in dismissing his habeas corpus petition as untimely.

Pursuant to 28 U.S.C. § 2255, a one-year statute of limitation applies to all federal habeas corpus petitions; however, the date which triggers the start of the limitation period can vary from case to case.  The one-year statute of limitation begins to run from the latest of (1) the date the judgment of conviction becomes final; (2) the date an impediment to making a motion created by government in violation of law is removed; (3) the date a newly recognized right was initially recognized by the Supreme Court, provided the right is made retroactive, and (4) the date the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (2000). The relevant date in cases such as this where a prisoner is attempting to collaterally attack his federal sentence on the basis that prior state convictions used to enhance his sentence have since been vacated, is the date when facts supporting a claim could have been discovered through the exercise of due diligence. See, e.g., Johnson v. United States (Johnson II), ___ U.S. ___, 125 S. Ct. 1571, 1578 (2005).

 At the time Petitioner's habeas corpus petition was considered, the prevailing interpretation of 28 U.S.C. § 2255(4) in the Eleventh Circuit was that "the purported 'fact' of a state court's vacatur

3

of a federal prisoner's prior state convictions [was] not a 'fact supporting the claim or claims' under [§ 2255(4)] from which AEDPA's statute of limitation will run." Johnson v. United States (Johnson I), 340 F.3d 1219, 1226 (11th Cir. 2003). On April 4, 2005, the Supreme Court of the United States reviewing the United States Court of Appeals for the Eleventh Circuit's decision in Johnson I reached a contrary conclusion - that a state court's vacatur of a conviction was a "fact" within the meaning of § 2255(4) . Johnson II, 125 S. Ct. at 1577-80. As a result, the Court held that the one-year statute of limitation begins to run on the date the prisoner receives notice of the order vacating his state convictions, provided the prisoner acted diligently in obtaining the state court order vacating the convictions. Johnson II, 125 S. Ct. at 1580-82.

Petitioner filed the federal habeas corpus petition from which he seeks relief on May 14, 2004. At that time the law in this circuit with respect to § 2255(4) was based on the United States Court of Appeals for the Eleventh Circuit's holding in Johnson I. Accordingly, as the fact that Petitioner's state convictions had been vacated did not restart the one-year statute of limitation, Petitioner's habeas corpus petition was correctly denied as untimely on July 15, 2004. Almost ten months after this Court's Order denying the petition, the Supreme Court's decision in Johnson II overruled the interpretation of § 2255(4) on which this Court's July 15, 2004 Order was based. Therefore, although the Court's Order dismissing Petitioner's habeas corpus petition was based on an interpretation that is now invalid, the interpretation utilized by the Court was correct under the Eleventh Circuit's then-prevailing interpretation of § 2255(4). This change in the interpretation of § 2255(4), however,  is not an "extraordinary circumstance" within the meaning of Rule 60(b)(6) and does not afford the Petitioner any relief. "It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme Court] arrived at a different interpretation." Gonzales, 125 S. Ct. at 2650.

4

(holding a petitioner could not show extraordinary circumstances under Rule 60(b)(6) even though a recent Supreme Court case had changed the interpretation of the AEDPA's statute of limitations.) Therefore, Petitioner's Motion, insomuch as it seeks relief under Rule 60(b)(6), is denied.

## II. CONCLUSION

For reasons contained herein, Petitioner's Motion for Relief from Judgment (Doc.62) is denied.

**SO ORDERED**, this the 3rd day of April, 2006.

**/s/ Hugh Lawson**

**HUGH LAWSON, Judge**

scs

5